DECISION
This is an appeal by defendant, Kevin Marchbank, from a judgment of the Franklin County Court of Common Pleas, overruling defendant's objections to a magistrate's decision and adopting the magistrate's decision ordering certain property of defendant to be forfeited pursuant to R.C.2933.43(C).
On July 12, 1999, plaintiff, State of Ohio, Department of Public Safety, filed a petition for forfeiture. The property sought was identified in the complaint as follows: "$73.00 and 4 Electronic Video Gambling Machines."
The matter was assigned to a magistrate of the trial court. On February 24, 2000, the parties submitted an "agreed statement and stipulation of facts." The statement of facts provides, in pertinent part:
 * * * Kevin M. Marchbank ("Marchbank") operates a class D-5 liquor permit establishment doing business as Histories Bar Grill. On June 18, 1999 investigators from plaintiff, the Department of Public Safety ("Department") entered the permit premises of defendant Marchbank acting upon a gambling complaint received by the Department. No warrant to search Marchbank's bar was applied for or received.
 At approximately 1:05PM, the investigators entered through the unlocked front door, and observed three Electronic Video Poker Machines along the back wall of the premises. * * * The investigators observed all three machines to be on. Investigator Eliason placed $1.00 in each of the machines and all machines tallied up the appropriate amount of credits and all the credits were played off by Investigator Eliason.
 The investigators then properly identified themselves to an on-duty barmaid and requested to see the person in charge and liquor permit. Moments later, the permit holder, Kevin Marchbank arrived at the premises. The investigators explained the violations of permitting and/or allowing gambling (Electronic Video Gambling Machines). The investigators confiscated the monies inside the machines and counted it in the presence of Mr. Marchbank.
 Also found on the premises were payoff records on the Electronic Video Gambling Machines. All property seized was placed on an evidence custody document, which was agreed to and signed by Investigator Eliason and Mr. Marchbank. * * * The property was seized as evidence, as it was used or intended for use in the course of the commission of an administrative offense and in violation of Regulation 4301:1-1-53, Ohio Admin. Code. The investigators then exited the premises without further incident.
 An evidentiary hearing was held before the Liquor Control Commission on November 16, 1999 to determine if Marchbank had violated Regulation 4301:1-1-53, Ohio Admin. Code, which prohibits gambling on liquor permit premises. No criminal charges were filed as a result of the investigators June 18, 1999 liquor enforcement action.
 On December 16, 1999, the Liquor Control Commission adjudicated Marchbank to have committed the administrative violation. * * *
The magistrate rendered a decision on February 29, 2000, finding that the property listed in plaintiff's petition was subject to forfeiture pursuant to R.C. 2933.43(C). On March 14, 2000, defendant filed objections to the magistrate's decision, arguing that the forfeiture was improper because investigator's seized the property without a search warrant. By decision filed July 18, 2000, the trial court overruled defendant's objections and adopted the magistrate's decision, ordering the property at issue forfeited.
On appeal, defendant sets forth the following single assignment of error for review:
 THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT ORDERED THE FORFEITURE OF THE APPELLANT'S PROPERTY IN CONTRAVENTION OF THE TENTH DISTRICT COURT OF APPEALS' DECISIONS IN DEPT. OF LIQUOR CONTROL V. FOE AERIE 0456 (1994), 99 OHIO APP.3d 380 AND DEPARTMENT OF LIQUOR CONTROL V. FRATERNAL ORDER OF ORIOLES NEST 274 (1995), CASE NO. 95APE08-973, UNREPORTED.
The primary issue raised by defendant is whether the property at issue was subject to forfeiture proceedings where the search was conducted without a warrant.
In general, "[t]he Fourth Amendment protects against unreasonable government intrusions into areas where legitimate expectations of privacy exist." State v. Claytor (1993), 85 Ohio App.3d 623, 627. Further, "[t]he touchstone of a Fourth Amendment analysis of lawfulness of a search is whether a person has a constitutionally protected reasonable expectation of privacy." Id. at 628. In instances "[w]here persons hold a subjective expectation of privacy, a valid warrantless search must fall within a judicially recognized exception to the warrant requirement." Ohio Dept. of Liquor Control v. Fraternal Order of Eagles Aerie 2293 (1996), 112 Ohio App.3d 94, 97.
In the present case, the magistrate and the trial court both concluded that the items seized fell within the plain view exception to theFourth Amendment warrant requirement. The plain view exception "permits a law enforcement officer to seize what clearly is incriminating evidence or contraband when it is discovered in a place where the officer has a right to be." Claytor, supra, at 628. In order "[f]or the plain view doctrine to apply to permit a warrantless seizure, the police officer must not only be located in a place where the officer has a right to be, but the officer must also have lawful right or access to the object in plain view." Id.
In support of his contention that the trial court erred in ordering the forfeiture of the property at issue, defendant relies upon two cases decided by this court, Ohio Dept. of Liquor Control v. Fraternal Order of Orioles Nest 274 (Dec. 21, 1995), Franklin App. No. 95APE08-973, unreported, and Ohio Dept. of Liquor Control v. FOE Aerie 0456 (1994),99 Ohio App.3d 380. In FOE Aerie 0456, investigators for the Department of Liquor Control gained access to a private, members-only club when they "followed a club member through the main entrance after that member gained access by using a key card." Id. at 382. Once inside, an investigator observed gambling machines that were subsequently seized and became the subject of a forfeiture proceeding. The trial court granted the appellee's petition for forfeiture, and the appellant-permit holder appealed. On appeal, this court reversed, holding that, an "unlawful, unreasonable interference employed to maintain a forfeiture * * * is forbidden." Id. at 386. In Orioles Nest 274, supra, a case also involving a private club holding a D-4 liquor permit, this court followed the reasoning of FOE Aerie 0456.
In the present case, both the magistrate and the trial court distinguished the holding in FOE Aerie 0456 from the facts in the case sub judice. Specifically, the magistrate noted that in FOE Aerie 0456, investigators used subterfuge to gain access to a private club, whereas in the instant case, the agents walked into an open business establishment that "was not private, required no membership cards, and would serve anyone who entered." The magistrate further noted that, "[n]o one was excluded from the premises, and the machines were not only in plain view, they also could be openly used by anyone in the place." The trial court concurred with the magistrate's analysis, holding that "the fact that information was received through a tip is immaterial since there could be no non-consensual entry."
Upon review, we agree with the trial court that the facts of FOE Aerie 0456 are distinguishable from the facts of the instant case. This court has previously recognized, in the context of a forfeiture proceeding under R.C. 2933.43, that, "[p]ursuant to the plain-view exception, state actors may seize items in plain view, discovered and recognized during the course of lawful activity." Fraternal Order of Eagles Aerie 2293, supra, at 98. In Dunn's Lane, Inc. v. Liquor Control Comm. (Oct. 11, 1990), Franklin App. No. 89AP-1431, unreported, under facts similar to this case, liquor agents walked into a public bar "as any member of the public would," and observed electronic video machines in plain view. The appellant-permit holder challenged the manner in which the evidence was obtained as contrary to the Fourth Amendment of the United States Constitution. This court found that the Fourth Amendment was not implicated, holding that "appellant had no legitimate, reasonable expectation of privacy in areas where the officers found and played the gambling device." Id.
Similarly, in the present case, government agents entered the public bar legally, and defendant does not challenge the fact that the items were in plain view. Thus, where the facts indicate that the initial entry was lawful, and where defendant had no reasonable expectation of privacy in the areas where the officers found the gambling machines, theFourth Amendment was not implicated. Dunn's Lane, supra. See, also, State v. Carter (Feb. 21, 1985), Tuscarawas App. No. CA-1884, unreported. ("A commercial establishment when open to the public is open for all legitimate purposes," and it was not illegal for law enforcement officers to walk in with the intention of looking around; "Such a rule in no way offends the traditional notions regarding the right of the individual to be secure against unwarranted governmental intrusion.")
Based upon the foregoing, the trial court did not err in overruling defendant's objections and adopting the decision of the magistrate. Accordingly, defendant's single assignment of error is overruled and the judgment of the trial court is hereby affirmed.
 ___________ DESHLER, J.
TYACK and KENNEDY, JJ., concur.